# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-116-01-CR-W-HFS |
| ) | |
| TYLER M. LEACH, ) | |
| ) | |
| Defendant. ) | |

## SENTENCING MEMORANDUM
## WITH SUGGESTIONS

COMES NOW the Defendant, Tyler M. Leach, through counsel, Stephen C. Moss, Assistant Federal Public Defender, and objects to the second addendum's contention that the Repeat and Dangerous Sex Offender enhancement at USSG § 4B1.5 applies in this case. Because the prior case was pending before the trial court when this offense occurred, Mr. Leach does not qualify as a repeat offender pursuant to the guideline enhancement.

## SUGGESTIONS IN SUPPORT

On November 3, 2005, a final presentence investigation report was prepared and served on the parties. The report concluded that Mr. Leach faced a guideline range of 51 to 63 months based on a final offense level of 23 and criminal history category of II (PSI at 14). Based on the mandatory minimum of 18 U.S.C. § 2422(b), Mr. Leach's effective sentencing range became 60 to 63 months (PSI at 14). The report's calculated offense level was entirely consistent with the parties' stipulation in the plea agreement.

A week after the final report was complete, a subsequent addendum was drafted. This

addendum concluded that the final report was in error, and that Mr. Leach should instead be sentenced pursuant to the repeat sex offender enhancement of USSG § 4B1.5 based on his guilty plea to attempted aggravated criminal sodomy on February 22, 2005. Applying this enhancement increases Mr. Leach's guideline range to 168 to 210 months. Based on the rule of lenity and the stipulation of the parties, Mr. Leach moves this Court to sentence him in accord with the final presentence investigation report.

**A. Because both Congress and the Sentencing Commission failed to define the ambiguous term "conviction" as used in USSG § 4B1.5, the rule of lenity dictates adoption of its less harsh meaning in a criminal context. Under this view, the term "conviction" does not include conduct for which proceedings are still pending at the trial court level and for which a sentence has not been imposed.**

At no place has either Congress or the Sentencing Commission defined what the term "conviction" means within the context of the guideline. See USSG § 4B1.5. The term "conviction" is ambiguous, and can mean "either the finding of guilt or the entry of a final judgment on that finding." Deal v. United States, 508 U.S. 129, 131 (1993). See United States v. Bloomer, 967 F.2d 761, 736 (2d Cir. 1992) (terms "convicted" and "conviction" may refer either to court finding of guilt after plea or verdict, or court's formal entry of judgment after sentencing). Despite this ambiguity, the Sentencing Commission failed to define the term "conviction" when formulating the Repeat and Dangerous Sex Offender enhancement. See USSG § 4B1.5, comment. (n.3(a)(ii)). The guideline merely refers to any offense described in 18 U.S.C. § 2426(b)(1)(A-B). Likewise, Congress failed to define the term "prior sex offense conviction." See id.; 18 U.S.C. 2427(b) ("prior sex offense

2

conviction" has meaning given that term in 2426(b)).

In McNally v. United States, the Court explained that when "there are two rational readings of a criminal statute, one harsher than the other, we are to choose the harsher only when Congress has spoken in clear and definite language." 483 U.S. 350, 359-60 (1987) (citing United States v. Bass, 404 U.S. 336, 347 (1971)). This principle of statutory construction applies not only to the interpretation of the substantive ambit of criminal prohibitions, but also to the penalties they impose. Albernaz v. United States, 450 U.S. 333, 342 (1981). Likewise, this rule applies to guideline interpretation. "When there are two plausible readings of a guideline provision, we apply the rule of lenity and give the defendant the benefit of the reading that results in the shorter sentence." United States v. Oetken, 241 F.3d 1057, 1060 (8th Cir. 2001). Because the term "conviction" is not defined in "in clear and definite language," the rule of lenity demands the less harsh interpretation.

Moreover, Congress has defined the term "prior sex conviction" in legislation that was enacted concomitantly with 18 U.S.C. § 2426 in a manner that lends support to this construction. In 18 U.S.C. § 3559(e)(2)(C) Congress specifically defined the term "prior sex conviction" to mean "a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense." Though this definition is limited to that section, it demonstrates a pattern of usage by Congress that is fully consistent with the notion that a conviction does not include cases that are still pending at the trial court level. See 18 U.S.C. § 2426(a) (referencing Section 3559(e)).

3

The addendum's determination that this enhancement applies is based purely on an unfounded conclusion that the term "conviction" includes an adjudication of guilt. Although some guidelines define the term "conviction" to conduct that remains pending before a trial court, the enhancement guideline at issue here does not. Compare USSG §§ 4A1.2 ("convicted of offense" means guilt has been established), 4B1.2 ("conviction" includes date that guilt is established) with USSG § 4B1.5 (failing to define the term "conviction"). The definition of "conviction" in both Sections 4A1.2 and 4B1.2 is limited to those specific guidelines. See §§ 4A1.2 (a)(4) ("for purposes of this provision"); 4B1.2 (definitions of terms used in Section 4B1.1). Given the explicit endorsement of this view by some guidelines, its total absence in Section 4B1.5 is further proof that such a broad interpretation of the term "conviction" was not intended. See United States v. Stuckey, 220 F.3d 976, 985 (8th Cir. 2000) (relying on principle of *inclusio unius est exclusio alterius*, which states that the specific inclusion of named provisions in one statute implies exclusion of other provisions that are omitted).

Because the usage of the term "conviction" is inherently ambiguous, the rule of lenity requires this Court to adopt its less harsh interpretation. Based on that interpretation, the Repeat and Dangerous Sex Offender enhancement does not apply to Mr. Leach because the prior case was still pending at the trial court level when this conduct occurred.

**B. Because the stipulation of the guideline calculations negotiated by the parties is reasonably based on the applicable law, this Court should give effect to the intent of the parties and sentence Mr. Leach in accord with the plea agreement and final presentence investigation report.**

4

Case 4:05-cr-00116-HFS   Document 27   Filed 12/16/05   Page 4 of 6

The plea agreement negotiated in this case includes a stipulation regarding the applicability of the guidelines. That stipulation provides for a final offense level of 23 (Plea Agreement at 9-10). The final presentence investigation report arrived at an identical offense level (PSI at 8). As noted above, this stipulation is reasonably based on the applicable statutory law and sentencing guidelines.

Though not binding on the court, this stipulation carries significant weight that supports its acceptance. Because prosecutors are designated by statute as the President's delegates to "take care that the Laws be faithfully executed," a "presumption of regularity supports their prosecutorial decisions." United States v. Jacobo-Zavala, 241 F.2d 1009, 1012 (8th Cir. 2001) (citing United States v. Armstrong, 517 U.S. 456, 464 (1996)). In the absence of contrary evidence, courts must presume that prosecutors have properly discharged their duties. Id. "Where the parties reach an arms-length plea agreement, based on a fair assessment of the available evidence as viewed by the prosecution, it ought to be accepted by the sentencing judge and the probation officer without the necessity of a further hearing." United States v. Franco-Martinez, 271 F.3d 764, 765 (8th Cir. 2001) (Bright, J., concurring). See United States v. Shields, 44 F.3d 673, 675 n.2 (8th Cir. 1995) (given benefits of plea bargaining, courts should be wary of "conduct which tends to undermine the trust defendant's place in the deals they strike with prosecutors").

The government exercised its discretion in entering a plea agreement with Mr. Leach that contained a stipulation to an adjusted offense level of twenty-three. The original

5

presentence investigation report concurred with this calculation. Because this agreed upon offense level is reasonably based on the factual and legal aspects of this case, this Court should accept the stipulation and sentence Mr. Leach accordingly.

WHEREFORE, the Defendant, Tyler M. Leach, respectfully requests this Court, to sustain his objection to the enhancement, and to impose a sentence within the guideline range of 60 to 63 months as calculated in the final presentence report. In the event this Court overrules this objection, Mr. Leach requests a continuance to consider the option of pursuing a motion to withdraw his plea.

Respectfully submitted,

/s/ STEPHEN C. MOSS
Assistant Federal Public Defender
818 Grand Avenue, Suite 300
Kansas City, MO 64106
(816) 471-8282

## CERTIFICATE OF SERVICE

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is CERTIFIED that the foregoing was electronically filed on this 16th day of December, 2005, and that a copy was e-mailed to Cynthia Phillips, Assistant U. S. Attorney, 400 E. 9th St., KC, MO 64106, pursuant to the Electronic Case Filing system.

/s/ STEPHEN C. MOSS