IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-00116-01-CR-W-HFS |
| | ) | |
| TYLER M. LEACH, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by Todd P. Graves, United States Attorney, and Cynthia L. Phillips, Assistant United States Attorney, both for the Western District of Missouri, and submits for the Court's consideration a sentencing memorandum with points and authorities regarding the application of U.S.S.G. § 4B1.5(a)(1)(B)(ii).

## SUPPORTING SUGGESTIONS

### A. Defendant's Prior Offense

On February 22, 2005, the defendant plead guilty in Shawnee County, Kansas District Court (Case No. 04-CR-928) to attempted aggravated criminal sodomy with a child under the age of 14 years. Specifically, the defendant met a 13-year-old girl online and traveled to Topeka, Kansas and engaged in sex with her. The District Court released the defendant on bond awaiting a presentence report prior to sentencing scheduled for March 15, 2005. On March 8, 2005, after pleading guilty to the state offense and while released on bond awaiting sentencing, the defendant committed the instant federal

offense: knowingly using a facility of interstate commerce to persuade, induce, and entice a minor to engage in sexual activity for which the defendant could be charged with a criminal offense. Specifically, the defendant (in violation of his state bond conditions) used the Internet from his home computer to contact a minor who he believed was a 14-year-old girl online. After conversing with the apparent minor female regarding sexual activities, the defendant arranged to meet her in person to engage in sexually explicit conduct. The 14-year-old female actually was an undercover FBI agent posing as a minor.

### B. Legal Discussion: U.S.S.G. Chapter Four, § 4B1.5(a)(1)(B)(ii)

The defendant sustained a conviction on the date he pled guilty: February 22, 2005. Because the defendant committed the instant offense on March 8, 2005, after his prior conviction on February 22, 2005, U.S.S.G. § 4B1.5 applies.

Chapter Four, § 4B1.5(a)(1)(B)(ii), of the United States Sentencing Commission Guidelines Manual states:

> (a) In any case in which the defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction:
>
>> (1) The offense level shall be the greater of:
>>
>>> (A) the offense level determined under Chapters Two and Three; or
>>>
>>> (B) the offense level from the table below decreased by the number of levels corresponding to any applicable adjustment from § 3E1.1 (Acceptance of Responsibility):

2

| Offense Statutory Maximum | Offense Level |
|---|---|
| . . . | |
| (ii) 25 years or more | 34 |
| . . . | |

(2) The Criminal History Category shall be the greater of: (A) the Criminal History Category determined under Chapter Four, Part A (Criminal History); or (B) Criminal History Category V.

Section 4B1.2 outlines the "Definitions of Terms Used in § 4B1.1." Section 4B1.2 explains that "the date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea or nolo contendere." Section 4B1.5(a) cross references § 4B1.2.

While prior Sentencing Guidelines may have offered ambiguity on this Section, the current Sentencing Guidelines no longer do. Prior Sentencing Guidelines stated that, "the date that a defendant sustained a conviction shall be the date the judgment of conviction was entered." U.S.S.G. § 4B1.2 (1991). After litigation arose regarding the provision being "ambiguous," § 4B1.2 was amended. In 1992, Amendment 461 changed the provision, which now provides that "'[t]he date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.'" United States v. Boomer, 71 Fed. Appx. 165 (3rd Cir. 2003), citing U.S.S.G. § 4B1.2. The newly amended § 4B1.2 removed any possible ambiguity regarding what the Sentencing Commission intended.

Unsentenced convictions are unequivocally counted as a conviction for the career offender determination under § 4B1.1. The Eighth Circuit, in United States v. Gonzales,

3

emphasized the amended language to conclude that a holding that "an unsentenced guilty plea is a 'prior conviction' for purposes of § 4B1.1." 220 F.3d 922, 926 (8th Cir. 2000). Other circuits have consistently made the same holding: United States v. French, 312 F.3d 1286, 1287 (9th Cir. 2002) (holding that a conviction be considered a qualifying predicate offense effective from the date a guilty plea is entered, regardless of whether a sentence has been imposed); United States v. Pierce, 60 F.3d 886, 892 (1st Cir. 1995) (holding that "pleas of nolo contendere are countable convictions under § 4B1.2").

As part of Chapter Four of the U.S.S.G. § 4B1.2 definitions should apply to all of the sections in the chapter, not simply § 4B1.1. "Because the Sentencing Commission obviously intended for the guidelines to operate as a cohesive and integrated whole, we have a duty to construe them *in pari materia*." United States v. Kikumura, 918 F.2d 1084, 1109 (3rd Cir. 1980). As part of the same chapter, §§ 4B1.1 and 4B1.5 should be construed together.

In addition to *in pari materia* interpretation of the Sentencing Guidelines, case law also supports the notion that the defendant's guilty plea constitutes a conviction. The definition of "conviction" is straightforward. The Black's Law Dictionary definition of "conviction" is applied in case law. Black Law Dictionary defines "conviction" as "the act or process of judicially finding someone guilty of a crime; the state of having been proved guilty." 145 (2d. Ed. 2001).

4

The United States Supreme Court held "a plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." United States v. Boykin, 395 U.S. 238, 242 (1969). A conviction "refers to finding of guilt by a judge or jury that necessarily precedes entry of final judgment of conviction, rather than meaning 'judgment of conviction.'" United States v. Deal, 508 U.S. 129, 132 (1996).

The defendant quotes the Deal case: "It is certainly correct that the word 'conviction' can mean either the finding of guilt or the entry of a final judgment on that finding." Defendant's Sentencing Memorandum, pg. 2. However, the defendant takes the quote out of context. In Deal, the Court goes on to say, "but of course, the susceptibility of all of these meanings does not render the word 'conviction,' whenever it is used, ambiguous; all but one of the meanings is ordinarily eliminated by context." 508 U.S. 129, 131-32. In fact, the Court in Deal finds "that 'conviction' refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction." Id. at 132.

The Court in Deal also rejects the application of the rule of lenity. Id. at 137. The rule of lenity is not applied simply because the defendant can conjure up some possible argument of an alternative interpretation. "Lenity applies only when the equipoise of competing reasons cannot otherwise be resolved." Johnson v. United States, 529 U.S. 694, 713 (2000). Further, traditional tools of statutory interpretation are to be utilized

5

before relying upon the rule of lenity. United States v. Shabani, 513 U.S. 10, 17 (1994) (requiring use of traditional tools of statutory construction to resolve ambiguities before resorting to the rule of lenity). Thus, the rule of *in pari marteria* should be applied prior to even considering the rule of lenity. As outlined above, after the application of *in pari marteria*, no issue of ambiguity remains. "Absent ambiguity, the rule of lenity is not applicable . . . United States v. Johnson, 529 U.S. 53, 60 (2000). See also Gozlon-Peretz v. United States, 498 U.S. 395, 410 (1991).

WHEREFORE, because both the U.S.S.G. and applicable case law define the date a defendant pled guilty as his conviction date, the Government respectfully requests that this Court overrule the defendant's objection and apply U.S.S.G. § 4B1.5(a)(1)(B)(ii) at sentencing.

Respectfully Submitted,

Todd P. Graves
United States Attorney

By     *s/Cynthia L. Phillips*

Cynthia L. Phillips #6283752
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 E. 9th St., Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

6

Certificate of Service for CM-ECF participants

       The undersigned hereby certifies that a copy of the foregoing was delivered on December 19, 2005, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

       Steve Moss
       Federal Public Defender's Office
       818 Grand, Suite 300
       Kansas City, Missouri 64106

       *s/Cynthia L. Phillips*
       Cynthia L. Phillips
       Assistant United States Attorney

CLP/art

7

Case 4:05-cr-00116-HFS   Document 28   Filed 12/19/05   Page 7 of 7