IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-0116-01-CR-W-HFS |
| | ) | |
| TYLER M. LEACH, | ) | |
| | ) | |
| Defendant. | ) | |

**RULING ON SECOND ADDENDUM**

By Second Addendum to the Presentence Report the Probation Officer concludes that defendant Leach should have an enhanced sentence because of an earlier sex offense prosecuted in State Court in Kansas. This would raise the Guideline range from 60 - 63 months to 168 - 210 months. The conclusion is based on a plea of guilty on February 22, 2005, prior to the offense in question. The Kansas case is not, however, in final judgment. Sentencing has been deferred. The question presented is whether under USSG § 4B1.5, there has been a sex offense "conviction" in that case.

Neither the Government nor the defense, in the plea agreement, treated the Kansas proceedings as a prior sex offense conviction, presumably because it lacks finality or because of Government counsel's inadvertence. The Probation Officer's conclusion is unexplained, but probably arises from the fact that a guilty plea or verdict is itself treated as a conviction under the Sentencing Guidelines relating to determination of Criminal History or Career Offender status. See USSG §§4B1.2(c) and 4A1.2(a)(4). It may have been supposed that the term has been defined, for

use throughout the Guidelines, or at least has attained common usage in Federal sentencing. The issue is not that easily resolved.

In the Guideline provisions presumably relied on there is a specific explanation that a pre-sentence record of guilt should be treated as a conviction. Those provisions relate, however, to issues that are not here pertinent. We are not concerned with defendant's Criminal History Category or a Career Offender status. It might have made sense for the Sentencing Commission to adopt uniform references, but it did not issue a definition of general applicability.[1]

It would be unsound, moreover, to say that the term "conviction" has a well-understood meaning. On the contrary, the Supreme Court has at least twice told us that the word has a double meaning, one usage applying when there is no sentence and the other requiring a sentence before the term can be properly used. In <u>Deal v. United States</u>, 508 U.S. 129, 131 (1993) Justice Scalia said that it is "certainly correct that the word 'conviction' can mean either the finding of guilt or the entry of a final judgment on that finding." Justice Blackmun earlier noted the double usage of the term in <u>Dickerson v. New Banner Institute, Inc.</u>, 460 U.S. 103, 112 n. 6 (1983).

In Rule 32(k) the Federal Rules of Criminal Procedure, imposition of a sentence is required before there is a "judgment of conviction". A recent sex offender statute, in requiring an enhanced sentence to life imprisonment in the event of a specified form of "prior sex conviction" specifically requires entry of a judgment, that is a sentence, before such a conviction can be used to enhance punishment for conduct occurring after such a "conviction". 18 U.S.C. § 3559(e) (2) (C).

---

[1] Government counsel now asserts, without identification, "that Section 4B1.5(a) cross references §4B1.2," but I find no pertinent reference.

Guidance to this court is provided in the Deal case. It was there restated that the rule of lenity is to be used on construing criminal case regulations when a term is truly ambiguous. But the courts are cautioned against exercising a "regrettable propensity for construing words in isolation". 508 U.S. at 133. In Deal the Court ruled (over dissents to be sure) that ambiguity disappeared when the provision in question would be "incoherent" if it required a prior judgment. 508 U.S. at 132.

The very next sentence in the statute, referring to an offender's second "conviction", prohibits the use of probation or a suspended sentence in such cases. Justice Scalia noted that under this usage, the second conviction would necessarily occur before sentencing. 508 U.S. at 133. Thus if the first "conviction" has the same meaning as the second one, it cannot require a sentence before qualifying.

In this context, the Court majority held that the word conviction was rendered completely unambiguous. But context controlled in Deal.

In the present case there is no immediate context favoring one meaning over another, and the Government and the Probation Officer suggests none. The provision in question was independently formulated . Guideline Amendment 615.[2] Therefore the rule of lenity must be used, and the Kansas proceeding cannot count as a conviction in advance of sentencing.

I am comfortable with this result for several reasons. If I ruled against the meaning assumed by all the attorneys it would, in fairness, require that defendant be given an opportunity to withdraw

---

[2] I recognize there was a general hostility to sex offenses, arising from Congressional enactments, but no more so than when mandatory life sentences were adopted in certain cases. In any event I need more than a hunch that the Commission might have used the pattern previously established if it had considered the matter.

3

his plea. Further, the Kansas judge is doubtless free, in the event a minimum five year sentence here is deemed unduly lenient, to impose a substantial consecutive sentence for the earlier offense.

For sentencing purposes the Second Addendum will not be used. SO ORDERED.

/s/ Howard F. Sachs  
HOWARD F. SACHS  
UNITED STATES DISTRICT JUDGE

December , 2005

Kansas City, Missouri