IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-0116-01-CR-W-HFS |
| | ) | |
| TYLER M. LEACH | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM TO COUNSEL**

I acknowledge defense counsel's letter of January 31, with the enclosed psychological report dated July 6, 2004. The letter also suggests that Judge Nancy Parrish in Topeka would be "receptive to discussing the case" with me. While communications between judges having similar responsibilities are confidential, there may be curiosity about what I would propose to do. I am content to leave the final ruling on the sentencing decision with Judge Parrish, who in my view has the intrinsically more serious case in that there was a live underage victim. Of course I would be glad to hear from Judge Parrish if she wishes to consult about procedures or otherwise, and this memorandum will be forwarded to her for informational purposes.

In the other case I have had that had a procedural parallel, involving the Federal Court in Brooklyn, my contact with the sentencing judge related primarily to scheduling issues.

Having accepted the current scheduling procedure, where Judge Parrish would have the last word, I suppose I should not duplicate her work by trying to closely appraise all the circumstances of her case as it may reflect on defendant's character and specific conduct. I would not expect to go beyond the psychological report, which was presented to me earlier. If the Government has

material beyond the presentence report it would be considered. Presumably Judge Parrish will take into account the present case, as it shows a reckless unlawful incident subsequent to her case. It would be of interest to me, although perhaps not consistent with Kansas State Court practice, to know the attitude of the girl's parents; that is, whether in light of their daughter's conduct and how she has reacted to the incident with defendant they would favor long imprisonment, brief imprisonment, or perhaps even none.

To repeat what I may have suggested after the remand, I am doubtful that the Federal Sentencing Guidelines are well adapted to or take into account the specific issues regarding this defendant.

I understand the Government wishes me to adhere to the Guidelines, with a sentencing range of 168-210 months (without parole). The increase from 51-63 months is driven by the earlier Topeka conviction. My reasonable alternatives, I suppose, would be to use the Guidelines, allowing Judge Parrish to use concurrent sentencing if she deems that sufficient (or more than sufficient) or I could use a lesser sentence, perhaps 120 months, allowing Judge Parrish to use consecutive sentencing if she deems that insufficient for this defendant's individual circumstances.

    /s/ Howard F. Sachs
    HOWARD F. SACHS
    UNITED STATES DISTRICT JUDGE

February 4, 2008

Kansas City, Missouri